UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGIE ALLEN | § | |
|      PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. 3:10-cv-02005-F |
| | § | |
| MICHAEL J. SCOTT, P.C. | § | |
|      DEFENDANT. | § | |

**DEFENDANT MICHAEL J. SCOTT, P.C.'S
ORIGINAL ANSWER AND COUNTERCLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Michael J. Scott, P.C. (herein after referred to as "Scott"), the Defendant herein, and files its Original Answer and Counterclaim and would respectfully show unto the Court as follows:

**I.**

**GENERAL DENIAL**

1.     Defendant Scott Admits Plaintiff alleges an FDCPA violation.

2.     Defendant Scott admits it acts through agents and employees who act within scope of their authority.  Defendant denies the remainder of Paragraph 2.

3.     Defendant Scott admits this court has jurisdiction.

4.     Defendant Scott admits it conducts business in Texas.

5.     Defendant Scott admits venue is appropriate.

6.     Defendant Scott is without sufficient information to admit or deny Paragraph 6.

7.     Defendant Scott is without sufficient information to admit or deny Paragraph 7.

8.     Defendant Scott admits it attempted to collect a debt but is without sufficient information to admit or deny Paragraph 8.

9.      Defendant Scott admits it is a law firm that practices collection law and is located in Texas.

10.     Defendant Scott admits sending a demand letter to Plaintiff.

11.     Defendant Scott admits Plaintiff faxed a cease and desist letter.

12.     Defendant Scott admits Plaintiff faxed a notice of representation letter.

13.     Defendant Scott admits that a letter had already been generated and was sent within hours of receiving the cease and desist letter.  Once the cease and desist letter was entered no further communication occurred.

14.     Defendant Scott denies Paragraph 14.

15.     Defendant Scott denies Paragraph 15.

16.     Defendant Scott denies Plaintiff is entitled to receive those damages pled for.


## II.
## AFFIRMATIVE DEFENSES

17.     Defendant Scott pleads that if any alleged violation occurred it was the result of a bona fide error.

18.     Defendant Scott alleges that statutory damages should not be awarded for de minimis violation.

19.     Defendant Scott alleges that pre-suit on July 14, 2010 it tendered a check in the amount of $1,000 for statutory damages plus a check for reasonable attorney fees.  Plaintiff's counsel returned both checks.  Plaintiff's has essentially rejected a pre-suit action that would have made Plaintiff whole.  Plaintiff's claim is moot.

20.     Plaintiff failed to mitigate damages.

## III.
## BAD FAITH COUNTERCLAIM

21.     Plaintiff has filed suit in violation of the FDCPA.  Despite the fact Plaintiff had a valid bona fide error defense, Defendant in good faith tendered a check for $1,000 to Plaintiff

(which is her claim for damages) and a check to Plaintiff's counsel for reasonable attorney's fees.  Plaintiff's counsel rejected those checks.  This suit is filed only to drive up cost of attorney fees and is in bad faith.

WHEREFORE PREMISES CONSIDERED, Defendant ask that Plaintiff take nothing from this petition and that it be dismissed.

Respectfully submitted,

**ROBBIE MALONE, PLLC**


/s/Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
(214) 346-2625
(214) 346-2631 FAX
E-mail: rmalone@rmalonelaw.com


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via ECF on this 22nd day of October, 2010 to:

Michael S. Agruss
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Ste. 401
Los Angeles, CA 90025


/s/Robbie Malone