UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARGIE ALLEN, | § |
| | §   **Case No. 3:10-cv-02005-F** |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| MICHAEL J. SCOTT, P.C., | § |
| | § |
| Defendant. | § |

## PLAINTIFF'S NOTICE AND MOTION TO DISMISS DEFENDANT'S BAD FAITH COUNTERCLAIM

**TO ALL PARTIES AND ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that Plaintiff, MARGIE ALLEN ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., hereby moves this Honorable Court to dismiss the Bad Faith Counterclaim filed by Defendant, MICHAEL J. SCOTT, P.C. ("Defendant"), pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant's Counterclaim of bad faith is not a valid counterclaim recognized by Federal Courts and Defendant is attempting to circumvent the requirements under the Fair Debt Collection Practices Act ("FDCPA"), and the Federal Rules of Civil Procedure ("FRCP"). This instant motion is based upon the following memorandum of points and authorities.

///

///

///

///

Dated:  November 8, 2010

                                  RESPECTFULLY SUBMITTED,

                                  KROHN & MOSS, LTD.


                   By:  /s/ Michael S. Agruss

                        Michael S. Agruss
                        KROHN & MOSS, LTD.
                        10474 Santa Monica Blvd., Suite 401
                        Los Angeles, CA 90025
                        Tel: 323-988-2400 x235
                        Fax: 866-620-2956
                        magruss@consumerlawcenter.com
                        Attorneys for Plaintiff,
                        MARGIE ALLEN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARGIE ALLEN, | § |
| | §   **Case No. 3:10-cv-02005-F** |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| MICHAEL J. SCOTT, P.C., | § |
| | § |
| Defendant. | § |
| | § |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S BAD FAITH COUNTERCLAIM

Plaintiff respectfully submits her Motion to Dismiss Defendant's Bad Faith Counterclaim for failure to state a claim for which relief may be granted, pursuant to FRCP 12(b)(6). In support of her Motion, Plaintiff states the following:

**I.   INTRODUCTION**

On October 5, 2010, Plaintiff filed her Verified Complaint against Defendant, alleging violation of the FDCPA, 15 U.S.C. 1692 *et seq*. (Document No. 1). Specifically, Plaintiff alleged the following:

> 10. Defendant communicates with Plaintiff seeking and demanding payment for an alleged debt (File Number: 228445).
> 11. On April 20, 2010, Plaintiff faxed Defendant a cease and desist letter.
> 12. On April 20, 2010, Plaintiff faxed Defendant a notice of representation letter.
> 13. Despite receiving Plaintiff's [April 20, 2010] letter, Defendant communicated with Plaintiff after April 20, 2010, in an attempt to collect a debt.

> 14. Defendant threatened to take legal action against Plaintiff even though Defendant has not and does not intend to take such action (see letter attached hereto as Exhibit A).

(*Id.*).  As a result of the alleged conduct, Defendant violated sections 1692c(a)(2), 1692c(c), 1692d, 1692e, and 1692e(5) of the FDCPA.  (*Id.*).

On October 22, 2010, Defendant filed its Answer and erroneous Bad Faith Counterclaim.  (Document No. 5).  Defendant's erroneous Bad Faith Counterclaim states:

> 21. Plaintiff has filed suit in violation of the FDCPA.  Despite the fact Plaintiff [sic] had a bona fide error defense, Defendant in good faith tendered a check for $1,000 to Plaintiff (which is her claim for damages) and a check to Plaintiff's counsel for reasonable attorney's fees.  Plaintiff's counsel rejected those checks.  This suit is filed only to drive up cost of attorney fees and is in bad faith.

(*Id.*).  Plaintiff now brings this Motion to Dismiss Defendant's Bad Faith Counterclaim pursuant to Rule 12(b)(6) of the FRCP, for failure to state a claim upon which relief can be granted.

## II.   STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits Plaintiff to seek dismissal of Defendant's Bad Faith Counterclaim because it fails to "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A FRCP 12(b)(6) motion to dismiss tests "the formal sufficiency of the statement of a claim for relief and is 'appropriate when [the moving party] attacks the [pleading] because it ***fails to state a legally cognizable claim***."  *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 685 (E.D. Tex. 2009) *citing Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001), *cert. denied,* 536 U.S. 960 (2002) (emphasis added).  Moreover, "the [non-moving party's] [pleading] must be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged."  *Id.* at 686 *citing Elliott v. Foufas,* 867 F.2d 877,

880 (5th Cir.1989) (internal quotation omitted).  Accordingly, "factual allegations must be enough to raise a right to relief above the speculative level." *Id. citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *accord Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir.2007); *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir.2007) (internal quotation omitted).

The Supreme Court of the United States set forth the framework for considering motions to dismiss.  The Court held:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, ***because they are no more than conclusions, are not entitled to the assumption of truth.*** While legal conclusions can provide the framework of a [pleading], they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine ***whether they plausibly give rise to an entitlement of relief***.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (emphasis added).  Here, Defendant has alleged "bad faith" in its Counterclaim, in an attempt to circumvent the procedures in place as established by the Fair Debt Collection Practices Act and the Federal Rules of Civil Procedure.  As discussed *infra*, Defendant has failed to state a claim upon which relief can be granted.

## III.   ARGUMENT

Defendant's Bad Faith Counterclaim is substantively and procedurally flawed.  The Fair Debt Collection Practices Act and the Federal Rules of Civil Procedures provide the proper channel to allege bad faith.  However, bad faith is not a cause of action that can be brought as a counterclaim, as the Defendant did here.  As discussed *infra*, Defendant's Bad Faith Counterclaim should be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted.  However, as discussed *infra*, even if Defendant had utilized the proper channel to bring an allegation for bad faith, Defendant's baseless allegation would fail.

### A. The Federal Rule of Civil Procedure 11 Provides an Appropriate Channel for Defendant to Bring Forth an Allegation of "Bad Faith."

Federal Rule of Civil Procedure 11 "encourages the policy of truth and candor toward the tribunal by sanctioning an attorney for filing court papers that are legally or factually unsupported or filing documents for solely dilatory reasons." *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 345 (5th Cir. 1990) *citing Sheets v. Yamaha Motors Corp, U.S.A.,* 891 F.2d 533, 535-536; W. Schwarzer, *Sanctions Under the New Federal Rule 11-A Closer Look,* 104 F.R.D. 181, 184-85 (1985). Moreover, "Rule 11's central purpose is to deter baseless filings and streamline the administration of justice." *Id. citing Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990). Here, Defendant erroneously filed an Answer and Counterclaim for bad faith, alleging that Plaintiff's Complaint was "filed only to drive up cost of attorney fees and is in bad faith." This allegation, albeit false and conclusory, should have been alleged in a separate motion pursuant to FRCP 11. However, Defendant erroneously and inappropriately makes this allegation of bad faith in its Counterclaim. Clearly, Defendant is making a flawed and misguided attempted to circumvent the procedural and substantive requirements under FRCP 11, including, *inter alia*, the twenty-one day "safe harbor" requirement. *See Elliot v. Tilton*, 64 F. 3d 213, 216 (5th Cir. 1995). Accordingly, Defendant's Counterclaim must be dismissed for failure to state a claim upon which relief can be granted.

### B. 28 U.S.C. § 1927 Provides an Appropriate Channel for Defendant to Bring Forth an Allegation of "Bad Faith" If Plaintiff's Attorneys had brought the Action Unreasonably or Vexatiously.

While it is Plaintiff's contention that no conduct of Plaintiff's attorneys would justify such a sanction under 28 U.S.C. § 1927, this statute states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The proper exercise of a court's authority to impose sanctions against an attorney under either 28 U.S.C. § 1927 or the court's inherent power depends on the determination that "the sanctioned attorney multiplied the proceedings both ***unreasonably and vexatiously***." *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002) *citing FDIC v. Calhoun,* 34 F.3d 1291, 1297 (5th Cir.1994) (internal quotation omitted) (emphasis added).  As such, "[t]his requires evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Id. citing Edwards v. Gen. Motors Corp.,* 153 F.3d 242, 246 (5th Cir.1998).  Moreover, 28 U.S.C. § 1927 "only authorizes shifting fees that are associated with the persistent prosecution of a meritless claim." *Id. citing Browning v. Kramer,* 931 F.2d 340, 345 (5th Cir.1991) (citation omitted) (internal quotation omitted).

Additionally, the Fifth Circuit, in *Elliot*, has recognized that a bad faith standard must also apply to the court's inherent authority to sanction:

> More importantly, relevant to this case, this Court has held that in order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in "bad faith."

*Elliott*, 64 F.3d at 217 (internal quotation and citation omitted); *see also Roadway Express, Inc. v. Piper,* 447 U.S. 752, 767 (1980) ( "Similarly, the trial court did not make a specific finding as to whether counsel's conduct in this case constituted or was tantamount to bad faith, a finding that would have to precede any sanction under the court's inherent powers."); *R.T.C. v. Bright,* 6 F.3d 336, 340 (5th Cir.1993); *In re Thalheim,* 853 F.2d 383, 389 (5th Cir.1988).

PLAINTIFF'S NOTICE AND MOTION TO DISMISS DEFENDANT'S BAD FAITH COUNTERCLAIM

Here, Defendant filed its Counterclaim for bad faith in a flawed attempt to circumvent this requirement; namely, that Defendant must prove Plaintiff's attorneys acted unreasonably, vexatiously, recklessly, in bad faith, or has otherwise disregarded the orderly process of justice. *See Supra.* Here, Defendant has simply failed to provide a shred of evidence that Plaintiff or Plaintiff's attorneys have acted improperly. However, if Defendant had any evidence of improper conduct, the proper motion would be a separate motion pursuant to 28 U.S.C. § 1927 rather than a counterclaim, as the Defendant has done here. Accordingly, Defendant's Counterclaim must be dismissed for failure to state a claim upon which relief can be granted.

### C.  FDCPA § 1692(k) Provides an Appropriate Channel for Defendant to Bring Forth an Allegation of "Bad Faith."

Although there is no evidence to suggest that Defendant is entitled to reasonable attorney fees and costs under § 1692(k)(a)(3) of the FDCPA, this statute states:

> On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

In order "[t]o recover attorney's fees under the FDCPA, the *prevailing* defendant must show affirmatively that the plaintiff brought the FDCPA claim in bad faith and for the purpose of harassment." *Perry v. Stewart Title Co.*, 756 F. 2d 1197, 1211 (5th Cir. 1985) (emphasis added). Defendant argues Plaintiff filed her Complaint in bad faith, but rather than pursue the remedy available under the FDCPA at the conclusion of this case, Defendant improperly filed its Counterclaim, seeking to take this issue outside the province of the Court at the conclusion of this action. In the present case, Plaintiff filed a Complaint against Defendant alleging a violation of sections 1692c(a)(2), 1692c(c), 1692d, 1692e, and 1692e(5) of the FDCPA. (Document No. 1). As

properly alleged in Plaintiff's Verified Complaint, Defendant communicated with Plaintiff *after* Defendant had notice of Plaintiff being represented by an attorney and *after* receiving Plaintiff's request for Defendant to cease all communication with Plaintiff. (*Id.*). Furthermore, Defendant sent a letter threatening legal action for which Defendant had no intention of taking. (*Id.*).

Accordingly, it cannot be said that Plaintiff's pursuit of this case was done with the belief that the claims were factually unsupportable. As detailed in Plaintiff's Verified Complaint and as will be shown throughout the litigation, sufficient evidence exists for the filing of Plaintiff's Complaint. Nevertheless, it should not be left for the jury, should Plaintiff not prevail, to determine if this action was brought for an improper purpose as Defendant's Counterclaim would require. Rather, any issue raised by Defendant's Counterclaim regarding Plaintiff's purpose for filing her Complaint should be addressed by the plain language of section § 1692k(a)(3) of the FDCPA.

## IV. CONCLUSION

WHEREFORE, this Honorable Court should grant Plaintiff's Motion to Dismiss Defendant's Bad Faith Counterclaim. As discussed *supra*, Defendant is erroneously attempting to absolve itself of the requirements of the Fair Debt Collection Practices Act and Federal Rules of Civil Procedure through its improper Bad Faith Counterclaim. It is simply inappropriate for a jury to determine the issues posed by Defendant's Counterclaim. Therefore, Defendant's Counterclaim must be dismissed.

///

///

///

///

///

Dated: November 8, 2010

                                         RESPECTFULLY SUBMITTED,

                                         KROHN & MOSS, LTD.


                               By: /s/ Michael S. Agruss

                                 Michael S. Agruss
                                 KROHN & MOSS, LTD.
                                 10474 Santa Monica Blvd., Suite 401
                                 Los Angeles, CA 90025
                                 Tel: 323-988-2400 x235
                                 Fax: 866-620-2956
                                 magruss@consumerlawcenter.com
                                 Attorneys for Plaintiff,
                                 MARGIE ALLEN

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business Address is 10474 Santa Monica Boulevard, Suite 401, Los Angeles, California 90025.

On November 8, 2010, I served the following documents: **PLAINTIFF'S NOTICE AND MOTION TO DISMISS DEFENDANT'S BAD FAITH COUNTERCLAIM**

On the parties listed below:

| | |
|---|---|
| Robbie Malone<br>Robbie Malone, PLLC<br>8750 North Central Expressway, Ste. 1850<br>Dallas, TX 75231<br>rmalone@rmalonelaw.com | Attorney for Defendant |

By the following means of service:

[X] **BY ELECTRONIC SERVICE:** the documents above were delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service.

[X] **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to the e-mail addresses listed above. I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.

[X] **BY MAIL:** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] **FEDERAL:** I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on November 8, 2010, at Los Angeles, California.

By:  /s/ Michael S. Agruss

Michael S. Agruss