

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Margie Allen, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:10-CV-02005-F |
| | § | |
| Michael J. Scott, P.C., | § | |
|    Defendant. | § | |

### Order on Plaintiff's Motion to Dismiss Counterclaim

Before the Court is Plaintiff Allen's Notice and Motion to Dismiss Defendant's Bad Faith Counterclaim (Docket No. 8), filed November 8, 2010. A hearing was held on this matter on January 19, 2011. After considering the motions and pleadings of both parties, as well as applicable law, the Court is of the opinion that Plaintiff's Motion should be GRANTED.[1]

### Background

Plaintiff Allen has sued Defendant Michael J. Scott, P.C., for violations of the Fair Debt Collection Practices Act (FDCPA). Allen alleges that Scott sought to collect a debt from Allen, who then faxed Scott a cease and desist letter and a notice of representation letter. Despite these letters, Scott subsequently communicated with Allen in an attempt to collect the debt and allegedly committed other violations of the FDCPA.

Scott does not appear to dispute these general allegations, and in answering the

---

[1] This disposes of Docket No. 8.

1

Complaint, it has asserted a bona fide error defense under 15 U.S.C. § 1692k(c). Scott contends that after receiving the letters but before logging them into its computer system, the system generated and sent a routine collection letter to Allen. Once Scott realized the problem, it apparently mailed a letter apologizing to Allen's counsel while enclosing two $1000 checks—one payable to Allen and one to cover attorney's fees. Allen allegedly refused the checks, demanding $4000 instead—$1000 for Allen and $3000 in attorney's fees. Scott rejected the counteroffer.

In light of its bona fide error defense and its unsuccessful attempt at a presuit settlement, Scott has asserted a counterclaim for bad faith, alleging that Allen filed this lawsuit for improper purposes, namely to harass and drive up attorney's fees. Allen now moves to dismiss this counterclaim, arguing that a bad faith claim cannot be brought as a counterclaim under the FDCPA. Instead, Allen maintains that Scott should move for fees under 15 U.S.C. § 1692k(a)(3), which allows recovery of attorney's fees under the FDCPA, once the case concludes. Scott responds that § 1692k permits it to bring a counterclaim. Accordingly, the Court must determine the scope of § 1692k.[2]

### Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action

---

[2] Allen also argues that a claim of bad faith could be decided in the context of Rule 11 sanctions or a fee award under 28 U.S.C. § 1927, which regards vexatious litigation. Because Scott argues that these other avenues are "irrelevant" and focuses solely on whether the FDCPA allows a counterclaim, the Court considers only whether § 1692k permits the type of relief that Scott seeks.

for a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). To survive the motion, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) ("The court's task is to determine whether the [claimant] has stated a legally cognizable claim that is plausible, not to evaluate the [claimant's] likelihood of success."). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### Discussion

The FDCPA permits courts to award attorney's fees to plaintiffs and defendants depending on the outcome of the case. A successful plaintiff shall recover reasonable attorney's fees and the costs of the action. 15 U.S.C. § 1692k(a)(3). A defendant "may" recover reasonable attorney's fees if the Court finds "that an action under this section was brought in bad faith and for the purpose of harassment." *Id.* Scott's counterclaim is rooted

3

in this latter provision, but the parties have cited few cases relevant to whether a § 1692k bad faith claim can be asserted as a counterclaim.

It appears, however, that § 1692k does not create an independent cause of action for a bad faith filing. As the Fifth Circuit has indicated, the attorney's fees available under § 1692k can only be obtained once the merits of a plaintiff's claims have been resolved: "To recover attorney's fees under the FDCPA, the *prevailing* defendant must show affirmatively that the plaintiff brought the FDCPA claim in bad faith and for the purpose of harassment." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1211 (5th Cir. 1985) (emphasis added), *modified on other grounds*, 761 F.2d 237 (5th Cir. 1985); *accord Johnson v. Eaton*, 80 F.3d 148, 153 (5th Cir. 1996). Section 1692k thus "contemplates a post-trial proceeding following an assessment of the merits of a plaintiff's complaint." *Kropf v. TCA, Inc.*, — F. Supp. 2d —, No. 10-11989, 2010 WL 4722282, at *4 (E.D. Mich. Nov. 22, 2010) (Lawson, J.) (noting that this approach is consistent with typical procedures for recovering attorney's fees (citing Fed. R. Civ. P. 54)). Perhaps more importantly, § 1692k only provides that the Court "may" award attorney's fees. Put simply, § 1692k does not create an affirmative claim for relief. Scott could not have brought its "claim" before Allen filed suit; nor could it likely recover in a separate lawsuit once this case comes to a close.

The conclusion that § 1692k does not permit a bad faith counterclaim is consistent with the majority of decisions reached by other courts. *Kropf*, 2010 WL 4722282, at *3 (citing cases); *see, e.g., Taylor v. Frost-Arnett Co. of Tenn.*, No. Civ. A. 98-0564, 1998 WL

4

472052, at *2 (E.D. La. Aug. 5, 1998) (Berrigan, J.); *Hardin v. Folger*, 704 F. Supp. 355, 356–57 (W.D.N.Y. 1988) (Telesca, C.J.). Scott has not directed the Court to any authorities to the contrary, citing only one case noting that "there is a split of authority on the question whether a defendant may demand attorney's fees as a counterclaim in a case filed under the FDCPA." *Spira v. Ashwood Fin., Inc.*, 358 F. Supp. 2d 150, 161 (E.D.N.Y. 2005) (Glasser, J.). But the one case cited by *Spira* (and others) for the proposition that a defendant can pursue a bad faith counterclaim is inapposite. That case, having concluded that the defendant violated the FDCPA, merely held that the defendant's counterclaims, which centered around a malicious prosecution counterclaim but also included a claim for attorney's fees, were without merit. *Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 809 (2d Cir. 1989). It did not expressly consider whether a counterclaim was an appropriate avenue for seeking attorney's fees for a bad faith action.[3]

---

[3] This Court has found only one case supporting the minority view that a court should deny a motion a motion to dismiss a § 1692k counterclaim. *See Ayres v. Nat'l Credit Mgmt. Corp.*, Civ. A. No. 90-5535, 1991 WL 66845, at *5 (E.D. Pa. Apr. 25, 1991) (Gawthrop, J.) ("Upon review of these [conflicting] authorities . . . , I am respectfully unable to find any reason why defendants should not be allowed to seek costs and fees in their responsive pleading. Plaintiff argues that the counterclaims for fees by defendants are merely improper attempts to intimidate plaintiffs from bringing FDCPA enforcement suits. However, such counterclaims do not increase the costs of litigation, or request relief to which defendants are not potentially entitled. Rather, they simply put plaintiffs and the court on notice that a 'bad faith' claim will be raised at trial on the merits. . . . I . . . determine that defendant's request for fees is a claim upon which relief can be granted, under Rule 12(b)(6)."); *cf. Leatherwood v. Universal Bus. Serv. Co.*, 115 F.R.D. 48, 50 (W.D.N.Y. 1987) (Elfvin, J.) (denying the motion to dismiss without prejudice and stating that a "decision as to [defendant's] request for attorney's fees, which said defendant has labeled as a "counterclaim" is reserved until the merits of this case shall have been resolved").

Of course, all of this is not to say that Scott cannot ultimately recover attorney's fees in this case. Should Scott prevail in this lawsuit, it need only move for attorney's fees and demonstrate that Allen brought the suit in bad faith and for the purpose of harassment. *See Perry*, 756 F.2d 1197. But because Scott has not yet prevailed, the Court expresses no opinions on the merits of this issue.

## Conclusion

For the foregoing reasons, Plaintiff Allen's Notice and Motion to Dismiss Defendant's Bad Faith Counterclaim (Docket No. 8) is GRANTED. This Order, however, has no effect on Defendant's ability to recover attorney's fees under § 1692k at a later stage of this litigation.

It is so Ordered.

Signed this 19th day of January, 2011.

Royal Furgeson
Senior United States District Judge