UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGIE ALLEN, | § | |
| | § | **Case No. 3:10-cv-02005-F** |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MICHAEL J. SCOTT, P.C., | § | |
| | § | |
| Defendant. | § | **Honorable Royal Furgeson** |
| | § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS**

COMES NOW, Plaintiff, MARGIE ALLEN ("Plaintiff"), through her attorneys, Krohn & Moss, Ltd., and files her response in Opposition to Defendant's, MICHAEL J. SCOTT, P.C. ("Defendant"), Motion for Sanctions.

**I.      INTRODUCTION**

On October 5, 2010, Plaintiff filed her Verified Complaint against Defendant, alleging Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq. See* Plaintiff's Complaint; Document No. 1. Specifically, Plaintiff alleged the following:

> 10. Defendant communicates with Plaintiff seeking and demanding payment for an alleged debt (File Number: 228445).
> 11. On April 20, 2010, Plaintiff faxed Defendant a cease and desist letter.
> 12. On April 20, 2010, Plaintiff faxed Defendant a notice of representation letter.
> 13. Despite receiving Plaintiff's [April 20, 2010] letter, Defendant communicated with Plaintiff after April 20, 2010, in an attempt to collect a debt.

> 14. Defendant threatened to take legal action against Plaintiff even though Defendant has not and does not intend to take such action (see letter attached hereto as Exhibit A).

*Id*. at ¶¶ 10-14. As a result of these unlawful conduct, Defendant violated sections 1692c(a)(2), 1692c(c), 1692d, 1692e, and 1692e(5) of the FDCPA. *Id.* at ¶¶ 15. On October 22, 2010, Defendant filed its Answer and erroneously alleged a Bad Faith Counterclaim. *See* Defendant's Answer; Document No. 5. Defendant's erroneous Bad Faith Counterclaim stated:

> 21. Plaintiff has filed suit in violation of the FDCPA. Despite the fact Plaintiff [sic] had a bona fide error defense, Defendant in good faith tendered a check for $1,000 to Plaintiff (which is her claim for damages) and a check to Plaintiff's counsel for reasonable attorney's fees. Plaintiff's counsel rejected those checks. This suit is filed only to drive up cost of attorney fees and is in bad faith.

*Id.* at ¶ 21. On November 8, 2010, Plaintiff filed a Motion to Dismiss Defendant's improper Bad Faith Counterclaim.

On January 19, 2011, this Honorable Court granted Plaintiff's Motion to Dismiss Defendant's improper Bad Faith Counterclaim. This Honorable Court examined whether Defendant's Bad Faith Counterclaim should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. *See* Order on Plaintiff's Motion to Dismiss; Document No. 18. This Court agreed with Plaintiff and granted Plaintiff's Motion to Dismiss because "§ 1692k does not create an independent cause of action for a bad faith filing." *Id.* at 4. This Court held that "§ 1692k does not create an affirmative claim for relief." *Id.* Importantly, this Court noted that if Defendant prevails, the Court would decide at the conclusion of the case whether the action was brought in bad faith, but that it was not appropriate for Defendant to lodge a separate action against Plaintiff. *See id.* at 6.

On the heels of this Honorable Court's January 19, 2011 Order, granting Plaintiff's Motion to Dismiss Defendant's Bad Faith Counterclaim, Defendant has brought this frivolous and groundless Motion for Sanctions, pursuant to Federal Rule of Civil Procedure 11 ("Motion"). *See* Document No. 20. Interestingly, Defendant's brings this Rule 11 Motion after specifically representing to this Court that a Rule 11 motion is "irrelevant" to this case at bar. *See* Order on Plaintiff's Motion to Dismiss at 2, n. 2; *see also* Defendant's Opposition to Plaintiff's Motion to Dismiss at ¶ 7 ("[Rule 11] addressed in Plaintiff's Counterclaim (sic) [is] irrelevant"). For this reason, Defendant prevented this Court from addressing and ruling that a Rule 11 motion is equally unwarranted. *See* Order on Plaintiff's Motion to Dismiss at 2, n. 2 ("Because [Defendant] argues that these other avenues [i.e. Rule 11] are "irrelevant" and focuses solely on whether the FDCPA allows a counterclaim, the Court considers only whether § 1692k permits the type of relief that [Defendant] seeks."). Apparently, Defendant now wants this Court to address its baseless Rule 11 Motion. As discussed *infra*, however, Defendant's Motion is clearly without merit, and thus, should be denied. Furthermore, Plaintiff requests that this Honorable Court exercise its inherent authority to sanction Defendant for bringing this frivolous and groundless Rule 11 Motion, which was brought in bad faith and in total disregard of this Court's prior Order on Plaintiff's Motion to Dismiss Defendant's Bad Faith Counterclaim.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 11(c)(2) states, in pertinent part, "[a] motion for sanctions must be made separately from any other motion and **must describe the specific conduct** that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2) (emphasis added). "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for

the motion." *Id.* Federal Rule of Civil Procedure 11(b), as it pertains to Defendant's Motion, provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

Fed. R. Civ. P. 11(b)(1). Accordingly, the Northern District Court of Texas and the Fifth Circuit holds that "Rule 11(b)(1) prohibits an attorney from filing a federal action for any improper purpose. *See* Fed. R. Civ. P. 11(b)(1). Consequently, where it is objectively ascertainable that an attorney has submitted a paper to the court for an improper purpose, sanctions may be imposed." *Jordaan v. Hall*, 275 F. Supp. 2d 778, 786 (N.D. Tex. 2003) *citing Whitehead v. Food Max of Mississippi, Inc.,* 332 F.3d 796, 805 (5th Cir. 2003); *Matta v. May,* 118 F.3d 410, 415 (5th Cir. 1997); *Sheets v. Yamaha Motors Corporation,* 891 F.2d 533, 537 (5th Cir. 1990); and *National Association of Government Employees, Inc. v. National Federation of Federal Employees,* 844 F.2d 216, 224 (5th Cir. 1988). Put simply, "[t]he purpose of Rule 11 sanctions is to deter the filing of groundless or frivolous lawsuits." *United States v. Prestonwood Properties, Inc.*, 1999 WL 766022 *1 (N.D. Tex. 1999) *citing Thomas v. Capital Security Services, Inc.,* 836 F.2d 866, 877 (5th Cir. 1988).

### III.   ARGUMENT.

Defendant makes an illogical and baseless argument that Plaintiff should be sanctioned under Rule 11, for filing her lawsuit against Defendant for its violation of the FDCPA. Yet, Defendant has repeatedly admitted to violating the FDCPA. *See* Defendant's Motion at ¶ 5 ("[Defendant] recognized the apparent violation of the FDCPA."). As discussed *infra*, Defendant's instant Motion

borders on the line of being completely unintelligible and serves as a complete waste of this Honorable Court's valuable time and resources.

### A. Defendant's Motion for Sanctions is Premature

Notwithstanding the fact that Defendant Motion for Sanction is meritless and devoid of any facts or authority to support its conclusory assertions, as discussed *infra*, Defendant's Motion is also premature, in light of the fact that this Honorable Court has yet to rule on the merits of this case. *See Lichtenstein v. Consol. Services Group, Inc.*, 173 F.3d 17, 23 (1st Cir. 1999) ("Courts should, and often do, defer consideration of certain kinds of sanctions motions until the end of trial to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits. ***This is a sensible practice where the thrust of the sanctions motion is that institution of the case itself was improper***.") *citing* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1337, at 121 (2d ed. 1990) (emphasis added). In fact, the parties have not even completed discovery in this case. As such, Defendant's Motion for Sanctions is premature. *See Scimed Life Sys., Inc. v. Medtronic Ave Inc.*, 297 F. Supp. 2d 4, 11 (D.D.C. 2003) ("To resolve the motion for sanctions either in Scimed's or Medtronic's favor, the Court must necessarily resolve the merits of the underlying dispute ***without the benefit of discovery***. ***To do so at this stage in the litigation would not be fair to either side***. Therefore, without ruling one way or the other as to the factual allegations contained in Medtronic's motion and Scimed's opposition, the Court denies Medtronic's motion for sanctions.") (emphasis added). It simply makes no sense how Defendant, in good faith, can bring this Motion at this stage of the case.

B.     **Defendant's Poor Comparison of the Case at Bar with *Tucker* and *Rhinehart* is Severely Misguided.**

Defendant goes through a lengthy regurgitation of case law concerning Rule 11 motions. Interestingly, there is not a single sentence in Defendant's entire Motion that actually applies the facts of this case to the cited authority in its brief. As Defendant has failed to perform the most elementary task of "describe[ing] the specific conduct that allegedly violates Rule 11(b)" in this case, this Court should look no further, and deny Defendant's Motion for Sanctions. In fact, instead of applying facts of this case to the cited Rule 11 authority in its brief, Defendant attempts to sling mud at Plaintiff and her attorneys by blindly launching into a recitation of two cases in the Middle District of Florida, that has absolutely no relevance or application to the case at bar: *Tucker v. CBE Group, Inc.*, 710 F. Supp. 2d 1301 (M.D. Fla. 2010), and *Rhinehart v. CBE Group, Inc.*, 714 F. Supp. 2d 1183 (M.D. Fla. 2010). As the same judge decided both cases under the same erroneous reasoning, as discussed *infra*, both cases will be discussed jointly.

1.     **The Facts in *Tucker* are Readily Distinguishable from the Case at Bar.**

Notwithstanding the fact that *Tucker* is a decision from the Middle District of Florida, not binding authority on this Court, and in conflict with other decisions throughout the nation, including a recent decision from the Eleventh Circuit Court of Appeals, as discussed *infra*, the facts in *Tucker* are readily distinguishable from the facts in the case at bar. In *Tucker*, the court made it clear that the defendant "never even spoke to Plaintiff" and that the defendant "placed each of its telephone calls with an intent to reach *Stacey* Tucker rather than an intent to harass Plaintiff." *Tucker*, 710 F. Supp. 2d at 1305.[1]

---

[1] The Plaintiff in *Tucker* was Robert Tucker and not Stacey Tucker.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

Notwithstanding the fact that this factual issue in *Tucker* should have been left for the jury, as discussed *infra*, Defendant herein readily admits that it not only communicated with Plaintiff, but it readily admits to violating the FDCPA. *See* Defendant's Motion, App. 2; Document No. 20-1. Defendant's own letter to Plaintiff's counsel concedes to the fact that "[theirs] is an industry with numerous opportunities for error" and that there was "an apparent violation of the Fair Debt Collection Practice Act" in this case. *Id*; *see also* Defendant's Motion at ¶ 5. Clearly, we are not comparing apples with apples here, as the plaintiff in *Tucker* was not even the debtor.

> 2. **The Court's Decision in *Tucker* Conflicts with Case Law Throughout the Nation Recognizing the Frequency and Volume of Calls Create a Factual Issue as to Whether Defendant Intended to Annoy, Abuse or Harass.**

Despite the *Tucker* court's acknowledgment that the "number of calls made during the relevant time period does seem ***somewhat high***," the court astoundingly still entered summary judgment for the defendant. *Tucker*, 710 F. Supp. 2d at 1305 (emphasis added). The clear and evident error in *Tucker* and *Rhinehart* was recently exposed by the Eleventh Circuit Court of Appeals in *Meadows v. Franklin Collection Serv., Inc.*, 2011 WL 479997 (11th Cir. 2011). In holding that the frequency and pattern of calls created an issue of fact for the jury, the *Meadows* court held:

> We reject Franklin's contention that its telephone calls were not harassing because Meadows did not answer them. The plain language of § 1692d prohibits "*causing a telephone to ring* ... with intent to annoy, abuse or harass any person at the called number." (emphasis added). The statute itself recognizes that answering the phone is not necessary for there to be harassment. This makes good sense because a ringing telephone, even if screened and unanswered, can be harassing, especially if it rings on a consistent basis over a prolonged period of time and concerns debts that one does not owe. As Meadows testified, even though she did not answer every call, she had to stop whatever she was doing to see who was calling. And, the

> reason Meadows did not answer the calls was because she had previously told Franklin multiple times that she did not owe the debt and the debtors did not live with her. Thus, ***a reasonable juror could find*** that Franklin's telephone calls were harassing even though Meadows did not answer many of the calls.

*Id.* at *3 (emphasis added). Clearly, had *Meadows* been decided prior to *Tucker* and *Rhinehart*, the court in *Tucker* and *Rhinehart* would have been precluded from granting the defendant's summary judgment on the issue of whether the frequency and pattern of calls constituted harassment under the FDCPA; clearly a factual question for the jury according to *Meadows*. This, in turn, would have precluded the court from sanctioning the plaintiff and counsel.

Moreover, the ruling by the court in *Tucker* and *Rhinehart* stands alone against case law from throughout the nation recognizing that whether the nature and frequency of debt collection calls constitutes harassment is peculiarly a factual issue for the jury. *See, e.g., United States v. Central Adjustment Bureau, Inc.,* 667 F.Supp. 370, 376 (N.D. Tex. 1986), *aff'd,* 823 F.2d 880 (5th Cir. 1987) (finding harassment where debt collector made as many as four to five telephone calls to the same debtor in one day); *Akalwadi v. Risk Mgmt. Alternatives, Inc.,* 336 F.Supp.2d 492, 506 (D. Md. 2004) ("The record reflects periods in which telephone calls were made on a daily basis and three telephone calls being made within five hours on the same day. The reasonableness of this volume of calls and their pattern is a question of fact for the jury"); *Prewitt v. Wolpoff & Abramson*, *LLP*, 2007 WL 841778 (W.D. N.Y. 2007) (number of calls was an issue of fact for fact finder); *Sanchez v. Client Services,* 520 F.Supp.2d 1149, 1161 (2007) (N.D. Cal. 2007) ("The frequency and volume of the telephone calls show that defendants intended to annoy, abuse and harass plaintiff Irma Sanchez"); and *Clark v. Quick Collect, Inc.*, 2005 WL 1586862, *4 (D. Or. 2005) ("The Court, therefore, holds the reasonableness of Morrin's volume of calls and their pattern is a question of fact

for the jury"); *Joseph v. J.J. Mac Intyre Companies, LLC.,* 238 F.Supp.2d 1158, 1168 (N.D. Cal. 2002) ("[w]hether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls"); *Kuhn v. Account Control Tech., Inc.,* 865 F.Supp. 1443, 1453 (D. Nev. 1994) (six telephone calls in twenty-four minutes constituted harassment in violation of § 1692d(5)); *Bingham v. Collection Bureau, Inc.,* 505 F.Supp. 864, 873 (D. N.D. 1981) (a single subsequent call could constitute harassment under § 1692d(5) regardless of the content of the call).

In *Sanchez v. Client Services,* 520 F.Supp.2d 1149 (N.D. Cal. 2007), the court found that the *defendant's uncontroverted* conduct was so egregious that as a matter of law it constituted a violation of the Act.  Notably the court did not find that the facts at issue warranted dismissal, but rather due to the defendant's failure to dispute any of the facts at issue, the facts actually warranted summary judgment in favor of the plaintiff.  The court held, "[e]ven viewing the record in the light most favorable to defendants, the frequency and volume of the telephone calls show that defendants intended to annoy, abuse and harass plaintiff Irma Sanchez. Accordingly, plaintiff's motion for partial summary judgment as to this claim is granted."  *Id.* at 1161.

Importantly, the court in *Krapf v. Nationwide Credit, Inc,* 2010 WL 2025323 (C.D. Cal. 2010), recognized that *Sanchez* reached the exact opposite conclusion of *Tucker* in regards to the underlying motion for summary judgment.  The court noted that the court in *Sanchez* granted summary judgment to an FDCPA plaintiff where the defendant made 54 calls to the plaintiff at her work over a six-month period, including a day where six calls were made. *Sanchez*, 520 F.Supp.2d at 1160-61.  The *Krapf* court commented:

> Indeed, the court in *Sanchez* granted summary judgment for the *plaintiff* where the volume and frequency of calls were nearly identical to the circumstances in *Tucker,* where the court granted summary judgment for the *defendant.*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

*Krapf,* 2010 WL 2025323 at *4 (emphasis in original).  The *Krapf* court concluded that courts simply take different views as to the amount and pattern of calls sufficient to raise a triable issue of fact of intent.  *Id.*  Furthermore, the *Tucker* court improperly applied a subjective standard to determine if the plaintiff had been harassed instead of objectively looking at the conduct of the debt collector from a consumer's perspective.  *See Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168 (11th Cir. 1985) ("we hold that claims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression or abuse").  As such, Defendant's attempt to sling mud at Plaintiff and Plaintiff's counsel by citing to *Tucker* and *Rhinehart* is not only irrelevant, it has also been exposed as an erroneous decision by the Eleventh Circuit in *Meadows*, as discussed *supra*.

   **C.**  **Defendant Provides No Competent Evidence to Even Remotely Suggest That Plaintiff Should be Sanctioned Under Rule 11.**

Aside from wasting this Court's time with two completely distinguishable cases that no longer carries any weight in light of the Eleventh Circuit's holding in *Meadows*, Defendant fails to provide a single scintilla of evidence to show that Plaintiff filing her lawsuit is grounds for sanctions under Rule 11.  Clearly, Defendant is unable to direct this Court to a single case in support of its baseless assertions because no such case exists.  Rather, Defendant improperly uses this Motion to put on a weak and conclusory bona fide error defense.  *See* Defendant's Motion for Sanctions at ¶ 13. Surely, if Defendant wishes to make argument as a defense to Plaintiff's allegations, Defendant has every right to do so.  However, the fact that Defendant may or may not have a bona fide error defense of its admitted violation to the FDCPA in this case does not equate to having evidence to show Plaintiff brought this lawsuit for an "improper purpose, as to harass, cause unnecessary delay,

or needlessly increase the cost of litigation," as Rule 11 requires. Fed. R. Civ. P. 11(b)(1). As this Motion is baseless and without any support, Plaintiff respectfully request that this Honorable Court deny Defendant's Motion for Sanctions.

### D. The Court has Inherent Authority to Sanction Defendant.

In light of Defendant's Motion for Sanction, devoid of a single shred of evidence to support its groundless, conclusory assertions, this Court should exercise its inherent authority to sanction Defendant's attorney, Ms. Robbie Malone, by making a specific finding that she has acted in bad faith by filing this instant Motion for Sanctions. "In order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in 'bad faith'." *Chaves v. M/V Medina Star,* 47 F.3d 153, 156 (5th Cir. 1995); *R.T.C. v. Bright,* 6 F. 3d 336, 340 (5th Cir. 1993); *In re Thalheim,* 853 F. 2d 383, 389 (5th Cir. 1988); *see also Roadway Express, Inc. v. Piper,* 447 U.S. 752, 767 (1980). Here, Defendant has not come close to meeting its burden in bringing a Rule 11 Motion for Sanctions against Plaintiff. Under Rule 11, Defendant "must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Yet, Defendant has clearly failed to meet its burden here. Instead, Defendant provides irrelevant analysis of other cases that have no bearing in factual or legal comparison to the case at bar. This is simply a poor attempt by Defendant's attorney to sling mud at Plaintiff and the attorneys representing her at Krohn & Moss, Ltd. This type of behavior should be sanctioned as to deter further waste and undue consumption of this Honorable Court's value time and resources.

### IV. CONCLUSION

WHEREFORE, this Honorable Court should deny Defendant's Motion for Sanctions. As discussed *supra*, Defendant has not come close to meeting its burden under Rule 11 to describe any

misconduct by Plaintiff and her attorneys. Moreover, Defendant's attorney, Ms. Robbie Malone, should be sanctioned, under this Honorable Court's inherent authority, for her egregious attempts to sling mud and waste this Honorable Court's value time and resources.

Dated: February 28, 2011              RESPECTFULLY SUBMITTED,

                                                  KROHN & MOSS, LTD.

                                   By:  /s/ Michael S. Agruss

                                       Michael S. Agruss
                                       KROHN & MOSS, LTD.
                                       10474 Santa Monica Blvd., Suite 401
                                       Los Angeles, CA 90025
                                       Tel: 323-988-2400 x235
                                       Fax: 866-620-2956
                                       magruss@consumerlawcenter.com
                                       Attorneys for Plaintiff,
                                       MARGIE ALLEN

...
PROOF OF SERVICE

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business Address is 10474 Santa Monica Boulevard, Suite 401, Los Angeles, California 90025.

On February 28, 2011, I served the following documents: **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS**

On the parties listed below:

| | |
|---|---|
| Robbie Malone<br>Robbie Malone, PLLC<br>8750 North Central Expressway, Ste. 1850<br>Dallas, TX 75231<br>rmalone@rmalonelaw.com | Attorney for Defendant |

By the following means of service:

[X]   **BY ELECTRONIC SERVICE:** the documents above were delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service.

[X]   **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to the e-mail addresses listed above. I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.

[X]   **BY MAIL:** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]   **FEDERAL:** I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on February 28, 2011, at Los Angeles, California.

By:   /s/ Michael S. Agruss

Michael S. Agruss