Robbie Malone
State Bar No. 12876450
Robbie Malone, PLLC
NorthPark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas   75231
214.346.2625 (Direct Dial)
214.346.2631 (Fax)
rmalone@rmalonelaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGIE ALLEN | § | |
|      PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. 3:10-cv-02005-F |
| | § | |
| MICHAEL J. SCOTT, P.C. | § | |
|      DEFENDANT. | § | |

---

## SUPPLEMENT TO DEFENDANT'S MOTION FOR SANCTIONS

COMES NOW, Defendant Michael J. Scott, P.C. ("Scott") and files this Supplement to Defendant's Motion for Sanctions and would respectfully show unto the Court as follows:

1.     On Wednesday, January 12, 2011, Scott's counsel e-mailed Plaintiff's counsel, Michael Agruss, a letter informing Plaintiff that Scott intended to file a Motion for Sanctions unless he dismissed this matter. *See* Defendant's Appendix ("Def. App.") at 1-3. The letter notified Mr. Agruss that he had twenty-one (21) days to dismiss the case before the Motion and brief in support, which were both attached, would be filed. *See* Def. App. at 3-17; *see* Fed. R. Civ. P. 11(c)(2) ("The motion must be served...but it must not be filed...if the challenged paper...is withdrawn or appropriately corrected within 21 days after service...").

2.     Later that same afternoon, on January 12, 2011, Mr. Agruss responded to Scott's

counsel's email claiming Scott's Motion for Sanctions to be "frivolous and only intended to harass Plaintiff." *See* <u>Def. App.</u> at 1. Furthermore, Mr. Agruss issued his own threat that "[i]f Defendant files its Rule 11 Motion, Plaintiff will serve Defendant with a Rule 11 Motion for filing a Motion that is frivolous…" *See id.* Thus, Mr. Agruss and Plaintiff took no action to either withdraw or appropriately correct the paper challenged in Scott's motion.

3.     According to his word, Scott filed his Motion for Sanctions and Brief in Support on February 7, 2011, twenty-six (26) days after serving Plaintiff. *See* <u>Def. App.</u> at 18.

WHEREFORE, PREMISES CONSIDERED, Defendant Michael J. Scott, P.C. respectfully requests that that the Court Grant Defendant's Motion for Sanctions in its entirety and for such other and further relief, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

\s\Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
**ROBBIE MALONE, PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
(214) 346-2625
(214) 346-2631 FAX
E-mail: rmalone@rmalonelaw.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via electronic filing on this 13th day of April, 2011 to:

Michael C. Agruss
Krohn and Moss
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025

/s/Robbie Malone

Robbie Malone
State Bar No. 12876450
Robbie Malone, PLLC
NorthPark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas   75231
214.346.2625 (Direct Dial)
214.346.2631 (Fax)
rmalone@rmalonelaw.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| MARGIE ALLEN | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. 3:10-cv-02005-F |
| | § | |
| MICHAEL J. SCOTT, P.C. | § | |
|     DEFENDANT. | § | |

---

## APPENDIX TO SUPPLEMENT TO DEFENDANT'S MOTION FOR SANCTIONS

**Jacob Boswell**

| | |
|---|---|
| **From:** | Agruss, Mike [magruss@consumerlawcenter.com] |
| **Sent:** | Wednesday, January 12, 2011 2:42 PM |
| **To:** | Renee Stein |
| **Cc:** | Robbie Malone; Nakisha Lewis; Administrator; Jacob Boswell |
| **Subject:** | RE: Margie Allen v. Michael J. Scott, P.C. |

Hi Robbie,

I'm writing in response to Defendant's Rule 11 Motion served on January 12, 2011. Defendant's Rule 11 Motion is frivolous and only intended to harass Plaintiff. If Defendant files its Rule 11 Motion, Plaintiff will serve Defendant with a Rule 11 Motion for filing a Motion that is frivolous because Defendant has already admitted to liability in this case.

Mike

Michael S. Agruss*
Krohn & Moss, Ltd
10474 Santa Monica Blvd.
Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x235
Fax: (866) 620-2956
Email: magruss@consumerlawcenter.com
Web: www.krohnandmoss.com
*Licensed in Illinois and California
*Federally admitted in all of the District Courts in IL, CA, TX, NE, CO, ND, WI, IN, AR, and MI.

Connect With Us     

---

**From:** Renee Stein [mailto:RStein@rmalonelaw.com]
**Sent:** Wednesday, January 12, 2011 9:02 AM
**To:** Agruss, Mike
**Cc:** Robbie Malone; Nakisha Lewis; Administrator; Jacob Boswell
**Subject:** RE: Margie Allen v. Michael J. Scott, P.C.


Attached please find Robbie Malone's letter.

Thanks,

Renee Stein
Secretary to Robbie Malone
Robbie Malone, PLLC
Northpark Central, Suite 1850
8750 N. Central Expressway
Dallas, Texas 75231
214-346-2630 (Main)

Def. App. 0001

214-346-2633 (Direct)
214-346-2631 (Fax)
Rstein@rmalonelaw.com

**Def. App.  0002**

# Robbie Malone

A Professional Limited Liability Company
Attorneys and Counselors

**Robbie Malone**
DIRECT DIAL: (214) 346-2625
E-MAIL: rmalone@rmalonelaw.com

NORTHPARK CENTRAL, SUITE 1850
8750 N. CENTRAL EXPRESSWAY
DALLAS, TEXAS 75231
(214) 346-2630
FAX (214) 346-2631

January 12, 2011

*Via Email:* magruss@consumerlawcenter.com
Michael S. Agruss
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Ste. 401
Los Angeles, CA 90025

      RE:     Cause No. 3:10-CV-2005-F; Margie Allen v. Michael J. Scott, P.C.; pending in
               the U.S. District Court, Northern District of Texas, Dallas Division, Our File No.
               122.0007

Dear Mr. Agruss:

      Enclosed please find Defendant's Motion for Sanctions and Brief in Support that we plan on filing unless you dismiss this matter. You have twenty-one (21) days from the date of this letter to let us know if you will dismiss. If we haven't heard from you in twenty-one days we will file the Motion for Sanctions.

      If you have any questions, please feel free to call me.

      Sincerely,

      Robbie Malone

RM/rs
Enclosure

Def. App.  0003

Robbie Malone
State Bar No. 12876450
Robbie Malone, PLLC
NorthPark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas  75231
214.346.2625 (Direct Dial)
214.346.2631 (Fax)
rmalone@rmalonelaw.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| MARGIE ALLEN | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. 3:10-cv-02005-F |
| | § | |
| MICHAEL J. SCOTT, P.C. | § | |
|     DEFENDANT. | § | |

## DEFENDANT'S MOTION FOR SANCTIONS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendant Michael J. Scott, P.C. ("Scott"), and files this Motion for Sanctions and shows unto the Court as follows:

1.      Scott was attempting to collect a debt from Plaintiff. To forestall Scott's efforts, Plaintiff's alleged counsel sent a purported cease and desist letter. However, during the short time (6 hours) it took for the letter to be entered into the system, a computer-generated collection letter was sent to Plaintiff. Scott immediately ceased all collection activities but the letter had already been sent. In order to rectify the situation outside of court, Scott sent Plaintiff two (2) checks: one for $1,000 to compensate Plaintiff (which is the maximum amount of statutory damages allowed under the Fair Debt Collection Practices Act) and one for $1,000 to cover any

attorney's fees that may have been accrued. Instead of accepting Scott's good faith payments, Plaintiff returned the checks and promptly demanded $4,000 ($1,000 for Plaintiff and $3,000 in attorney's fees). Scott rejected this demand and Plaintiff filed this lawsuit. Scott now asks the Court to dismiss Plaintiff's case and award Scott sanctions based on Plaintiff's filing this case in bad faith and for the purpose of harassment.

2.      Pursuant to Local Rule 7.1, the requirements of Local Rule 7.1 are set forth in the accompanying brief.

WHEREFORE, PREMISES CONSIDERED, Defendant Michael J. Scott, P.C. respectfully requests that this Motion for Sanctions be Granted in its entirety, that Plaintiff's case be dismissed with prejudice and for such other and further relief, at law and in equity, to which it may show itself justly entitled.

                              Respectfully submitted,

                              \s\Robbie Malone
                              ROBBIE MALONE
                              State Bar No. 12876450
                              ROBBIE MALONE, PLLC
                              Northpark Central, Suite 1850
                              8750 North Central Expressway
                              Dallas, Texas 75231
                              (214) 346-2625
                              (214) 346-2631 FAX
                              E-mail: rmalone@rmalonelaw.com
                              *Attorney for Defendants*

DEFENDANT'S MOTION FOR SANCTIONS                                                    2
M:\122.0000 MICHAEL SCOTT\122.0007 MARGIE ALLEN V. MICHAEL J. SCOTT, P.C.\PLEADINGS\1220007.MOTION FOR
SANCTIONS.DOCX

Def. App. 5

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via electronic filing on this _____day of January, 2011 to:

Michael C. Agruss
Krohn and Moss
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025

/s/Robbie Malone

DEFENDANT'S MOTION FOR SANCTIONS                                                                     3
M:\122.0000 MICHAEL SCOTT\122.0007 MARGIE ALLEN V. MICHAEL J. SCOTT, P.C\PLEADINGS\1220007.MOTION FOR
SANCTIONS.DOCX

Def. App. 6

Robbie Malone
State Bar No. 12876450
Robbie Malone, PLLC
NorthPark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas  75231
214.346.2625 (Direct Dial)
214.346.2631 (Fax)
rmalone@rmalonelaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGIE ALLEN | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. 3:10-cv-02005-F |
| | § | |
| MICHAEL J. SCOTT, P.C. | § | |
|     DEFENDANT. | § | |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS

COMES NOW, Defendant Michael J. Scott, P.C. ("Scott") and files this Brief in Support of Defendant's Motion for Sanctions and would respectfully show unto the Court as follows:

### I.

### BACKGROUND

1.      This conflict began when Scott attempted to collect Plaintiff's debt. On April 20, 2010, Plaintiff's purported counsel[1] faxed a cease and desist letter which included a notice that Plaintiff was represented by counsel for potential violations of federal law. In the six hour interim between the time the letter was faxed and when a Scott employee was actually able to log it into

---

[1] The attorney who faxed the letter stated he was representing Plaintiff only for potential violation of federal law. He was not the Plaintiff's current counsel.

DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR SANCTIONS - PAGE 1
M:\122.0000 MICHAEL SCOTT\122.0007 MARGIE ALLEN V. MICHAEL J. SCOTT, P.C\PLEADINGS\122.0007 BRIEF IN SUPPORT OF MN. FOR SANCTIONS.DOC

Def. App. 0007

the system, a routine collection letter was generated by Scott's computer system and sent to Plaintiff, despite the system's safeguard to implement cease and desist.

2.      Upon notice of the inadvertent correspondence, Scott immediately mailed Plaintiff's counsel a letter apologizing for the mishap and, by way of rectifying this matter, enclosed two (2) checks for $1,000 each. One check was payable to Plaintiff and one was written to cover any attorney's fees. Also in this letter, Scott pointed out that he was sending these checks despite believing he had a valid bona fide error defense due to his policies and procedures designed to prevent this type of incident.

3.      On October 13, 2010, Plaintiff's counsel returned the checks and demanded $4,000 — $1,000 to be paid to Plaintiff and $3,000 to Plaintiff's counsel for attorney's fees and costs. Plaintiff's counsel gave Scott until October 20, 2010 to accept this demand. Not believing that such fees and costs had been accrued since no complaint had even been filed, Scott rejected Plaintiff's demand.

4.      Plaintiff filed this suit on October 5, 2010, alleging that Scott violated §1692c(a)(2) and §1692c(c) of the Fair Debt Collection Practices Act ("FDCPA") by sending a collection letter after being notified that the consumer was represented by an attorney. *See* <u>Docket Entry#</u> ("<u>Doc.</u>") 1. Plaintiff also claimed that Scott violated §§1692d and 1692e by "engaging in conduct the natural consequences of which was to harass, oppress, and abuse Plaintiff" and by "using false, deceptive and misleading representations in connection with the collection of any debt." *See id.* Finally, Plaintiff claimed that Scott violated the FDCPA by "threatening to take legal action against Plaintiff even though Defendant has not and does not intend to do so." *See id.*

5.      In response, Scott answered asserting his bona fide error defense and a counterclaim for

DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR SANCTIONS - PAGE 2
M:\122.0000 MICHAEL SCOTT\122.0007 MARGIE ALLEN V. MICHAEL J. SCOTT, P.C\PLEADINGS\122.0007 BRIEF IN SUPPORT OF MN. FOR SANCTIONS.DOC

Def. App. 0008

bad faith. Scott alleged that Plaintiff and her counsel filed this lawsuit for improper purposes, namely to harass Scott and drive up attorney's fees. Scott now requests that this court Grant sanctions under Rule 11 of the Federal Rules of Civil Procedure, based on a lack of factual investigation as well as the incidents described above.

## II.

## MOTION FOR SANCTIONS

**A.    Civil Liability Pursuant to 15 U.S.C. §1692(c)**

5.    15 U.S.C. §1692k(c) provides that:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

Scott makes it clear in his letter to Plaintiff on July 14, 2010, that he recognized the "apparent violation of the FDCPA," but explains that only six hours elapsed between the time the cease and desist letter arrived and the time it was logged. Def. App. at 1-2. It was only during this short interim between receipt and entering that another collection letter was sent. This occurred despite having the procedural safeguards in place that once a cease and desist letter was entered into the system, the computer would not send any further correspondence. Bona fide error defenses negate FDCPA claims.

6.    There is no evidence that Scott intended in any way to harass Plaintiff. Additionally, there is no evidence that Scott employed any false or misleading representations or even improperly threatened legal action in an attempt to collect Plaintiff's debt. Rather, despite believing in the validity of a bona fide error defense at trial, Scott acknowledged the "apparent

DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR SANCTIONS - PAGE 3
M:\122.0000 MICHAEL SCOTT\122.0007 MARGIE ALLEN V. MICHAEL J. SCOTT, P.C\PLEADINGS\122.0007 BRIEF IN SUPPORT OF MN. FOR SANCTIONS.DOC

Def. App.  0009

violation of the [FDCPA]" by sending the collection letter after the technical receipt of Plaintiff's letter and what really amounts to a good faith error. *See* Def. App. at __. In order to redress this ostensible wrong, Scott offered Plaintiff the maximum amount of statutory damages recoverable under the FDCPA[2] and an equal amount in attorney's fees, what Scott considered to be a generous offer to avoid the needless costs of litigation. But Plaintiff's counsel's demand and subsequent filing of this suit suggests that he is not looking out for the best interest of his client,[3] but is simply seeking to increase the amount recovered for his work, which at the time of his correspondence with Scott, was certainly minimal.

### B.      Sanctions Under Rule 11

7.      All pleadings, motions, and other papers must comply with Rule 11. *Tompkins v. Cyr*, 995 F.Supp. 689, 692 (N.D. Tex. 1998) (citing Fed. R. Civ. P. 11 (advisory committee notes)). The signature of an attorney or unrepresented party on a document filed with the court constitutes a certification that:

(1) he has conducted a reasonable inquiry into the facts that support the document;

(2) he has conducted a reasonable inquiry into the law such that the document embodies existing legal principles or a good faith argument for the extension, modification, or reversal of existing law; and

(3) the argument is not interposed for the purposes of delay, harassment, or increasing the cost of litigation.

---

[2] *See Peter v. GC Services L.P.*, 310 F.3d 344, 352 n. 5 (5th Cir. 2002) (citing *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir. 1994) ("maximum statutory damages of $1000 per action, not per violation").

[3] Scott notes that since the pre-suit offer of $1,000 to Plaintiff is the maximum she could recover as statutory damages under the FDCPA (Plaintiff does not allege any actual damages), this case can only be brought for the purpose of an increased recovery of alleged attorney's fees.

DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR SANCTIONS - PAGE 4
M:\122.0000 MICHAEL SCOTT\122.0007 MARGIE ALLEN V. MICHAEL J. SCOTT, P.C\PLEADINGS\122.0007 BRIEF IN SUPPORT OF MN. FOR SANCTIONS.DOC

Def. App .10

*Tompkins*, 995 F.Supp. at 692 (citing *Childs v. State Farm Mutual Automobile Insurance Co.*, 29 F.3d 1018, 1024 (5th Cir.1994)). The purpose of Rule 11 sanctions is to deter the filing of groundless or frivolous lawsuits. *Tompkins*, 995 F.Supp. at 692. To prevent such filings, Rule 11 requires that a party investigate his case in advance. *See id.* "Such an investigation would usually include obtaining documentary proof supporting, or disproving, his client's allegations prior to or soon after filing suit." *Vanderhoff v. Pacheco*, 09-30064 (5th Cir. September 2, 2009) (per curiam).

8.      Among the bases upon which a court may award Rule 11 sanctions is the failure by a party seeking relief to properly investigate its allegations before filing suit. *Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc., 4:02-CV-1384-Y (N.D. Tex., April 1, 2010); see S. Bravo Sys. v. Containment Techs. Corp.*, 96 F.3d 1372, 1375 (Fed. Cir. 1996). The plain language of Rule 11 states that it is the attorney that represents to the court, by filing, signing, or advocating a pleading, that the contentions presented in that pleading are warranted after reasonable inquiry. *Highmark*, 4:02-CV-1384-Y; *see* Fed. R. Civ. P. 11(a), 11(b). "Sanctions are warranted when a party exhibits a "deliberate indifference to obvious facts..." *Riccard v. Prudential Insurance Company*, 307 F.3d 1277, 1294 (11th Cir. 2002) (citing *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). An attorney cannot bypass this requirement by simply relying on his client's opinion. *See S. Bravo Sys.*, 96 F.3d at 1375. Thus, an attorney violates Rule 11 by "giving blind deference to his client." *Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997).

9.      Furthermore, Rule 11 obligations are not measured solely at the time of filing because a party or counsel has a continuing obligation to advise the court of any changes regarding the veracity of information before the court. *See Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir.

Defendant's Brief in Support of Motion for Sanctions - Page 5
M:\122.0000 Michael Scott\122.0007 Margie Allen v. Michael J. Scott, P.C\Pleadings\122.0007 Brief in Support of
Mn. for Sanctions.doc

1997) (per curiam); *cf. Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) ("[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff *continued to litigate* after it clearly became so.") [emphasis added]. It is well established that Rule 11 applies to all papers filed in a suit. *See, e.g., Thomas v. Capital Security Servs., Inc.*, 836 F.2d 866, 870 (5th Cir. 1988). Any and every filing constitutes the party or attorney "later advocating" that the "factual contentions [in the complaint] have evidentiary support." *Turner v. Sungard Business Systems, Inc.*, 91 F.3d 1418, 1421 (11th Cir. 1996). "When it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest." *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991).

## III.

## ARGUMENT AND AUTHORITIES

10.    The United States Supreme Court explained that "the central purpose of Rule 11 is to deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). In order to do so, "Rule 11 applies only to the signing of pleadings and imposes a standard of *good faith and reasonable investigation* as of the date of that signing, *Thomas*, 836 F.2d at 874 [emphasis added], to prevent a party's "deliberate indifference to obvious facts..." *Riccard*, 307 F.3d at 1294. But as explained above, Rule 11 obligations are not measured solely at the time of filing because a party or counsel has a continuing obligation to advise the court of any changes regarding the veracity of information before the court. *See Attwood*, 105 F.3d at 613.

DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR SANCTIONS - PAGE 6
M:\122.0000 MICHAEL SCOTT\122.0007 MARGIE ALLEN V. MICHAEL J. SCOTT, P.C\PLEADINGS\122.0007 BRIEF IN SUPPORT OF MN. FOR SANCTIONS.DOC

Def. App. 0012

11.     In *Tucker v. CBE Group, Inc.*, 710 F.Supp.2d 1301 (M.D. Fl. 2010), attorney Michael

Agruss of Krohn & Moss, Ltd., amongst others, filed a lawsuit alleging five (5) separate

violations of the FDCPA. After CBE filed its summary judgment motion, the Court determined

that the plaintiff only had one legally plausible claim while the rest consisted of boilerplate

allegations that could not possibly apply to the case. 710 F.Supp.2d at 1306. "What is especially

troubling," the Court noted, "[was] that Plaintiffs counsel failed to dismiss *any* of these claims

when it became clear during discovery that they had no factual basis whatsoever, forcing

Defendant to file a summary judgment motion." *Id.* Thus, "when it became apparent that

discoverable evidence would not bear out the majority of the Complaint's claims, Plaintiff and

his attorney failed in their duty to discontinue their quest." *Id.* at 1307. But"[e]ven more

troubling," the Court concluded, "Plaintiff's counsel, an officer of the Court, filed a complaint

wherein a majority of the allegations had no basis in fact and then failed to dismiss any of these

allegations...until a summary judgment motion was filed." *Id.* Accordingly, the plaintiff and his

attorney were sanctioned under Rule 11. *See id.* at 1307-08.

12.     Similarly, in the same month as *Tucker*, the United States District Court for the Middle

District of Florida examined the case of *Rhinehart v. CBE Group, Inc.*, involving, once again,

Mr. Agruss and Krohn & Moss. 714 F.Supp.2d 1183 (M.D. Fl. 2010). After alleging five (5)

boilerplate violations of the FDCPA, the Court found that "[n]ot only were the majority of the

Complaint's claims utterly unsupported, Plaintiff's own deposition testimony contradicted *most*

of the allegations contained in the Complaint." 714 F.Supp.2d at 1185-86. "[A]s in Tucker,

Plaintiff's counsel failed to dismiss any of the claims when it became clear during discovery that

they had no factual basis whatsoever," thus "exhibit[ing] a deliberate indifference to obvious

DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR SANCTIONS - PAGE 7
M:\122.0000 MICHAEL SCOTT\122.0007 MARGIE ALLEN V. MICHAEL J. SCOTT, P.C\PLEADINGS\122.0007 BRIEF IN SUPPORT OF
MN. FOR SANCTIONS.DOC

Def. App.    13

facts." *Id.* at 1186. Accordingly, the Court found that CBE was entitled to recover its attorney's fees from Plaintiff and her attorney. *See id.*

13.     In the present case, Scott informed Plaintiff that the collection letter was generated and sent during the six (6) hour interim between the receipt of the cease and desist letter and the entrance of the letter into Scott's computer system. Furthermore, Scott explained to Plaintiff's counsel that he believed he had a viable bona fide error defense against Plaintiff's claims. Despite being informed of the incredibly small window of time between the letter being received and logged into the computer and of Scott's belief in a valid bona fide error defense,[4] Plaintiff and her attorney filed this suit without conducting any reasonable inquiry into these facts. In fact, only when Scott did not concede to Plaintiff's counsel's demand for $3,000 in attorney fees did Plaintiff file this case, leading Scott to believe that this case was filed only to increase the cost of litigation, namely attorney's fees. Thus, Plaintiff and her attorney exhibited their deliberate indifference to the facts presented to them, failed to perform the required inquiry before filing suit and filed this case for the purpose of increasing attorney's fees. Because of these, Plaintiff and her attorney have violated Rule 11 of the Federal Rules of Civil Procedure.

## IV.

## CONCLUSION

Based on Plaintiff's failure to reasonably inquire into the facts of this case before filing this lawsuit and her deliberate indifference to the facts that were presented, Defendant Michael

---

[4] A creditor's procedures need not be foolproof. *Rhinehart*, 714 F.Supp.2d at 1185 (citing 15 U.S.C. § 1692k(c); *see Kort v. Diversified Collection Services, Inc.*, 394 F.3d 530, 538-39 (7th Cir. 2005) (FDCPA does not require debt collectors to take every conceivable precaution to avoid errors, but only requires reasonable procedures)). Because of this, Plaintiff's counsel could have easily assessed the validity of Scott's bona fide error defense by conducting a simple inquiry before filing suit.

DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR SANCTIONS - PAGE 8
M:\122.0000 MICHAEL SCOTT\122.0007 MARGIE ALLEN V. MICHAEL J. SCOTT, P.C\PLEADINGS\122.0007 BRIEF IN SUPPORT OF
MN. FOR SANCTIONS.DOC

Def. App.   14

Scott, P.C. prays that Plaintiff and her counsel, Mr. Agruss, be sanctioned under Rule 11 of the

Federal Rules of Civil Procedure in the amount of Scott's costs and expenses incurred in

defending this suit and for any further relief to which Scott may justly show itself entitled.

Respectfully submitted,

\s\Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
**ROBBIE MALONE, PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
(214) 346-2625
(214) 346-2631 FAX
E-mail: rmalone@rmalonelaw.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via electronic filing on this ____day of January, 2011 to:

Michael C. Agruss
Krohn and Moss
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025

/s/Robbie Malone

DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR SANCTIONS - PAGE 9
M:\122.0000 MICHAEL SCOTT\122.0007 MARGIE ALLEN V. MICHAEL J. SCOTT, P.C\PLEADINGS\122.0007 BRIEF IN SUPPORT OF
MN. FOR SANCTIONS.DOC

Def. App.   15

# `MICHAEL J SCOTT, PC
### A PROFESSIONAL CORPORATION

Telephone: (214) 234-8456
Telecopy: (214) 234-8454

1120 Metrocrest Dr., Ste. 100
Carrollton, Texas 75006

Michael J. Scott
mscott@scott-pc.com

July 14, 2010

Michael S. Agruss
Krohn & Moss, Ltd
10474 Santa Monica Blvd.
Suite 401
Los Angeles, CA 90025

<u>**Via Overnight Delivery for July 16th**</u>

Re:   Margie Allen

Dear Mr. Agruss:

I have reviewed your email dated July 12, 2010, pertaining to your client Margie Allen. Although I believe there exists a viable bona fide error defense as to events about which you have complained, you and I both know that the prosecution of the case and the uncertainty of the outcome makes settlement of this matter in the best interest of the respective parties. Therefore, I am enclosing a firm check made payable to Ms. Allen in the amount of $1,000.00; said amount to satisfy any actual or statutory claim which your client may have arising out of the conduct of my firm. Additionally, I am enclosing a check in the amount of $1,000.00 as reasonable and necessary attorneys fees. Given the nature and sophistication of your firm's practice, it is my belief that this amount fairly compensates your firm for the services it provided.

The payment to Ms. Allen is tendered without reservation, save and except for the stipulation that it pertains to any claim of damages which Ms. Allen may have against either myself, my client or my firm arising out of the alleged conduct. The payment to your firm is tendered in trust, to you, to be held by you and released to your firm on the condition that is accepted as full and complete satisfaction of any claim for attorney fees and costs pertaining to your representation of Ms. Allen.

As you can well expect, ours is an industry with numerous opportunities for error. Despite our best efforts, we occasionally find ourselves in circumstances which give rise to claims such as that asserted in this matter. The particulars in this case indicated that the letter from your affiliate, DCSD, was processed into our system within 6 working hours, yet that was not sufficient to prevent an apparent violation of the Fair Debt Collection Practice Act (the letter went out in the interim). Where we have made mistakes, we wish to quickly resolve such errors and to review our systems to ensure that they do not reoccur. Further we wish to work with opposing counsel in order to avoid the necessity of litigation. In the future, I would ask that you email me directly should you have any concern about the conduct of my firm so that we may reach a resolution without undue work on either of our parts.

Sincerely,

Michael Scott

Enclosures (2)

**Def. App.    16**

8326

**Michael J. Scott, P.C.**
Attorneys at Law
1925 E. Belt Line Rd., Ste. 550
Carrollton, Texas 75006
(214) 234-8456

JPMORGAN CHASE BANK
2200 Ross Avenue
Dallas, Texas 75201
32-115/1110

7/14/2010

PAY TO THE
ORDER OF    Margie Allen                                                        $ ***1,000.00

One Thousand and 00/100************************************************************ DOLLARS

Margie Allen

Void After 90 Days

MEMO

⑈008326⑈ ⑆111001150⑆ ⑈088619157365⑈

---

8327

**Michael J. Scott, P.C.**
Attorneys at Law
1925 E. Belt Line Rd., Ste. 550
Carrollton, Texas 75006
(214) 234-8456

JPMORGAN CHASE BANK
2200 Ross Avenue
Dallas, Texas 75201
32-115/1110

7/14/2010

PAY TO THE
ORDER OF    Krohn & Moss, Ltd                                                   $ ***1,000.00

One Thousand and 00/100************************************************************ DOLLARS

Krohn & Moss, Ltd
10474 Santa Monica Blvd.
Suite 401
Los Angeles, CA  90025

Void After 90 Days

MEMO

⑈008327⑈ ⑆111001150⑆ ⑈088619157365⑈

Def. App.   17

## Motions
3:10-cv-02005-F Allen v. Michael J. Scott, P.C.
JURY, STICKNEY


### U.S. District Court

### Northern District of Texas

### Notice of Electronic Filing

The following transaction was entered by Malone, Robbie on 2/7/2011 at 1:55 PM CST and filed on
2/7/2011
**Case Name:**        Allen v. Michael J. Scott, P.C.
**Case Number:**      3:10-cv-02005-F
**Filer:**            Michael J. Scott, PC
**Document Number:** 20

**Docket Text:**
**MOTION for Sanctions filed by Michael J. Scott, PC with Brief/Memorandum in Support.
(Attachments: # (1) Brief in Support) (Malone, Robbie)**


**3:10-cv-02005-F Notice has been electronically mailed to:**

Jacob Charles Boswell    jboswell@rmalonelaw.com

Kimberly A Lucas    klucas@kcmllaw.com, chanke@kcmllaw.com

Michael S Agruss    magruss@consumerlawcenter.com, akrohn@consumerlawcenter.com,
Courtfiling@consumerlawcenter.com

Robbie L Malone    rmalone@rmalonelaw.com, rstein@rmalonelaw.com

**3:10-cv-02005-F Notice required by federal rule will be delivered by other means (as detailed in the
Clerk's records for orders/judgments) to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=2/7/2011] [FileNumber=5324700-0]
[53a1f3faff378a330d02f86a47cfb3352dd260aa96870aabc7ae1697aa46417203de
8223ae3b776651958e1089bf8626119342f2ac7bf3cc3436b630f9bbf47c]]
**Document description:** Brief in Support
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=2/7/2011] [FileNumber=5324700-1]
[ddcb59ecfaaf8f876add2d53cbff3d56febc23c3db440fc30d4a468ec3eeb6c4cf5a          **Def. App.   /18**
41fc7df83fb5cedc09e3a8ca7dd732aa21733cd5e4aa494d5cdb93a1939e]]