**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| MARGIE ALLEN, § | |
| § | **Case No. 3:10-cv-02005-F** |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| MICHAEL J. SCOTT, P.C., § | |
| § | |
| Defendant. § | **Honorable Royal Furgeson** |
| § | |

**PLAINTIFF'S NOTICE AND MOTION IN LIMINE NO. 1**
**LIMITING EVIDENCE AT TRIAL TO ONLY EVIDENCE DISCLOSED AND/OR**
**PRODUCED DURING DISCOVERY**

Plaintiff, MARGIE ALLEN ("Plaintiff"), respectfully requests this Honorable Court to enter an Order that Defendant, MICHAEL J. SCOTT, P.C. ("Defendant"), its witnesses, and attorneys be limited to only introducing evidence during trial that has already been disclosed and/or produced during discovery.

**I.   INTRODUCTION**

Plaintiff's Complaint is based on Defendant's violations under sections 1692c(a)(2) and 1692c(c) of the Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. §§ 1692c(a)(2) and 1692c(c). Relevant to this instant Motion in Limine No. 1, the FDCPA provides Defendant with the opportunity to prove that its violation under the FDCPA was due to a bona fide error. Section 1692k(c) of the FDCPA provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector ***shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error* <u>notwithstanding the maintenance of procedures reasonably adapted to avoid any such error</u>**.

15 U.S.C. § 1692k(c) (emphasis added).  Notwithstanding, the Federal Rule of Civil Procedure 26(a) requires Defendant to disclose evidence it intends to use in its defense under the bona fide error defense:

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, ***a party must, without awaiting a discovery request, provide to the other parties***:
> (i)  the name and, if known, the address and telephone number of each individual likely to have discoverable information – ***along with the <u>subjects of that information</u> – that the disclosing party may use to support its claims or <u>defenses</u>***, unless the use would be solely for impeachment;
> (ii)  a copy--or a description by category and location--of ***all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or <u>defenses</u>***, unless the use would be solely for impeachment;

Fed. R. Civ. P. 26(a)(1)(A)(i) – (ii).  Moreover, Federal Rule of Civil Procedure 37(c) provides that evidence not disclosed and/or produced in discovery cannot be introduced during trial.  Specifically, Rule 37(c) provides:

> If a party ***fails to provide information or identify a witness as required by Rule 26(a)*** or (e), the ***party is <u>not</u> allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial***, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c) (emphasis added).  During discovery, Defendant failed to disclose or produce any "documents" or evidence to support a defense it may or may not have under the theory of bona fide error, pursuant to section 1692k(c) of the FDCPA.  Furthermore, as will be discussed further *infra*, Defendant failed to even identify the "subjects of that information" to support its defense.  *See* Fed. R. Civ. P. 26(a)(1)(A)(i) – (ii).  Time to conduct discovery has closed, as of March 31, 2011.  *See* Scheduling Order at 2; Document No. 10.  Accordingly, since the time permitted for discovery has closed, and Defendant has failed to provide any documents or evidence to support its bona fide

error defense, Defendant should be barred from providing any such evidence during trial. *See* Fed. R. Civ. P. 37(c).

## II.   ARGUMENT

The bona fide error defense under the FDCPA is identical to the language found under the Truth in Lending Act ("TILA"). Specifically, the Supreme Court of the United States observed:

> ***Congress copied verbatim the pertinent portions of TILA's bona fide error defense into the FDCPA***. *Compare* 15 U.S.C. § 1640(c) (1976 ed.) with § 813(c), 91 Stat. 881. This close textual correspondence supports an inference that Congress understood the statutory formula it chose for the FDCPA consistent with Federal Court of Appeals interpretations of TILA.

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1616 (2010) (emphasis added). This bona fide error defense is an affirmative defense **which must be pled and proven by Defendant**. *See Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1239 (5th Cir. 1997) (recognizing a bona fide error as an affirmative defense); *see also Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1514 (9th Cir. 1994). In light of the FDCPA's remedial scheme, courts have taken the position of interpreting this affirmative defense narrowly. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1611 (2010) ("We decline to adopt the expansive reading of § 1692k(c)"); *Spencer v. Hendersen-Webb, Inc.* 81 F. Supp. 2d 582, 591 (D. Md.1999) *citing Pipiles v. Credit Bureau of Lockport, Inc.* 886 F.2d 22, 27 (2d Cir.1989); *Hulshizer v. Global Credit Services, Inc.* 728 F. 2d 1037, 1038 (8th Cir. 1984); and *Baker v. G.C. Services Corp.*, 677 F.2d 775, 779 (9th Cir. 1982).

In *Turner v. Firestone Tire & Rubber Co.*, 537 F.2d 1296, 1298 (5th Cir. 1976), the Fifth Circuit reviewed and affirmed the district court's ruling on the parties' cross-motions for summary judgment, wherein the district court granted the plaintiff's motion for summary judgment and denied the defendant's motion for summary judgment. *Id*. at 1297. As discussed *infra*, relevant to this

instant Motion is the Fifth Circuit's adoption of the district court's reasoning for denying the defendant's bona fide error defense.

The court in *Turner* had already decided that the defendant had violated TILA. *See Id.* at 1297-1298 (The court "find[s] that defendant Firestone has violated the Truth in Lending Act for its failure to disclose the cost of credit life insurance in the opening disclosure statement and including such costs in the finance charge on each monthly statement"). The only remaining issue was whether the defendant had properly asserted a "defense against liability." *Id.* at 1298. TILA provides defendants with a bona fide error defense, which is verbatim identical to the same defense found under the FDCPA. Specifically, 15 U.S.C. § 1640(c) provides:

> A creditor may not be held liable in any action brought under this section for a violation of this part if the creditor shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

*Id.* Holding that the bona fide error defense is not available to a defendant that fails to provide factual evidence to prove this affirmative defense, the Fifth Circuit held:

> ***The defendant has provided <u>no factual evidence</u>, by way of affidavit or otherwise, that the failure to fill in the cost of credit life insurance was a bona fide error***. <u>***The statute clearly places this burden on the defendant creditor***</u>. Even if it were noted that this type of mistake is the typical clerical error at which the statute was aimed, ***the defendant has not produced any evidence*** or even pleaded that defendant Firestone has any "procedure reasonably adapted to avoid any such error." 15 U.S.C. s 1640(c). While the error committed here is one that is easy to commit, it is also the type of error that can be easily detected by implementation of an inexpensive screening procedure. ***Insofar as the defendant has failed to prove that the mistake in question was not intentional and that it maintained a procedure reasonably adapted to avoiding such errors, the clerical error defense provided in 15 U.S.C. s 1640(c) <u>is unavailable to defendant Firestone</u>. Having failed to make out the clerical error defense, defendant Firestone must be found to have violated section*** 226.4(a)(5) of Regulation Z for failing to include the costs of the

        credit life insurance in the amount of the finance charge as required
        by that section.

*Id*. (emphasis added).

Similarly, in the case at bar, Defendant "has provided ***no factual evidence***" that its violation of the FDCPA was due to "a bona fide error." *Id*.; *see also* Fed. R. Civ. P. 26(a)(1)(A)(i) – (ii). Defendant did not even identify the "subjects of that information" to support its defense. *Id.* In fact, although it is not Plaintiff's burden, Plaintiff specifically requested such documents to support Defendant's bona fide error defense during discovery. However, Defendant failed to produce such documents. Furthermore, even after supplementing its Rule 26(a)(1) disclosures two times, Defendant failed to disclose and identify a single document or evidence to support its bona fide error defense.

The burden of proof is on Defendant to prove "***by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error <u>notwithstanding the maintenance of procedures reasonably adapted to avoid any such error</u>***." 15 U.S.C. § 1692(k)(c) (emphasis added). Yet, Defendant "has provided ***no factual evidence***" to support its conclusory assertion that its admitted violation of the FDCPA was due to "a bona fide error." *Turner*, 537 F.2d at 1298. Accordingly, Defendant should be barred from providing any such evidence during trial. *See* Fed. R. Civ. P. 37(c).

## III. CONCLUSION

Wherefore, Plaintiff, MARGIE ALLEN, respectfully requests that this Honorable Court grant Plaintiff's Motion in Limine No. 1, and enter an Order limiting evidence at trial to only evidence disclosed and/or produced during discovery. Specifically, Plaintiff seeks to bar Defendant, Michael J. Scott, P.C., from providing any evidence to support a defense it may or may not have

under the theory of bona fide error, because Defendant failed to timely disclose and/or produce any documents or evidence in support of such a defense.  *See* Fed. R. of Civ. P. 37(c).

Dated:  April 29, 2011                           RESPECTFULLY SUBMITTED,

                                                         KROHN & MOSS, LTD.

                                  By:  /s/ Michael S. Agruss

                                          Michael S. Agruss
                                          KROHN & MOSS, LTD.
                                          10474 Santa Monica Blvd., Suite 401
                                          Los Angeles, CA 90025
                                          Tel: 323-988-2400 x235
                                          Fax: 866-620-2956
                                          magruss@consumerlawcenter.com
                                          Attorneys for Plaintiff,
                                          MARGIE ALLEN

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a) and (b), counsel for Plaintiff, Michael S. Agruss, conferred with counsel for Defendant, Robbie Malone, on April 25, 2011.  This instant Motion in Limine No. 1 is opposed.  Agreement could not be reached between the parties due to the parties' differing interpretation of Federal Rules of Civil Procedure 26(a)(1) and 37(c), as well as the parties' differing interpretation of this Honorable Court's Scheduling Order as it pertains to discovery completion date.

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business Address is 10474 Santa Monica Boulevard, Suite 401, Los Angeles, California 90025.

On April 29, 2011, I served the following documents: **PLAINTIFF'S MOTION IN LIMINE NO. 1 LIMITING EVIDENCE AT TRIAL TO ONLY EVIDENCE DISCLOSED AND/OR PRODUCED DURING DISCOVERY**

On the parties listed below:

| | |
|---|---|
| Robbie Malone | Attorney for Defendant |
| Robbie Malone, PLLC | |
| 8750 North Central Expressway, Ste. 1850 | |
| Dallas, TX 75231 | |
| rmalone@rmalonelaw.com | |

By the following means of service:

[X] **BY ELECTRONIC SERVICE:** the documents above were delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service.

[X] **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to the e-mail addresses listed above. I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.

[X] **BY MAIL:** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] **FEDERAL:** I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on April 29, 2011, at Los Angeles, California.

By: /s/ Michael S. Agruss

Michael S. Agruss