UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Margie Allen, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:10-CV-02005-F |
| | § | |
| Michael J. Scott, P.C., | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING PLAINTIFF'S MOTION IN LIMINE NO. 2**

BEFORE THE COURT is Plaintiff Margie Allen's Motion in Limine No. 2 (Docket No. 59), filed on May 16, 2011. After considering the motions and pleadings of both parties, as well as applicable law, the Court is of the opinion that Plaintiff's Motion should be DENIED.[1]

### Background

Defendant Michael J. Scott, P.C. is a debt collection agency that attempted to collect a debt from Allen. On April 2, 2010, Scott sent its initial collection letter to Allen. On April 20, 2010, Allen's prior counsel faxed Scott a cease and desist letter and a notice of representation letter. At some point within twenty-four hours of Scott's receipt of Allen's letters, Scott's computer system generated and sent Allen a routine collection letter on April 21, 2010. Scott alleges that its computers mistakenly sent this automated letter before Allen's letter could be logged into its computer system. The facts of this case are not in dispute.

---

[1] This resolves Docket No. 59.

Based on these events, Allen has brought claims against Scott under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Specifically, Allen seeks recovery under § 1692c(a)(2) which prohibits debt collectors from communicating with consumers who are known to be represented by an attorney and §1692c(c) which prohibits communicating with consumers who have asked that the debt collector cease communications.

## Discussion

Allen's Motion in Limine No. 2 seeks bifurcation of the following two issues: (1) Scott's liability and Allen's potential damages under the FDCPA, and (2) Allen's attorney's fees and costs. At the April 19, 2011 hearing, the Court indicated that it would consider the parties' arguments related to the reasonableness of attorneys' fees after liability had been determined at trial. The present Motion requests that any evidence regarding Allen's attorneys' fees not be presented to the jury.

Allen argues that any reference to her attorneys' fees would be highly prejudicial because these fees are irrelevant to the underlying case and because they have little probative value. Allen' position is primarily supported by *Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991), where the Ninth Circuit held that a trial judge abused his discretion in a § 1983 case by informing the jury of the plaintiff's right to seek attorneys' fees under § 1988. The court found that informing the jury like this undermined the fee-shifting provision, particularly in cases involving nominal damages, because jurors may be unaware of the Congressional intent behind the statute.

But *Brooks* is not the only authority on this issue and it does not control here. A more analogous case is *Addison v. Braud*, 34 F. Supp. 2d 407, 409 (M.D. La. 1998) (Parker, J.), in which the court specifically refused to extend *Brook*'s holding, partially because "[f]ederal court jurors are not children-all are adults." *Addison* was an FDCPA action involving a debt collector's technical violation and the bona fide error defense. The court gave the following jury instruction:

> THE AMOUNT OF ATTORNEY'S FEES, IF ANY TO BE AWARDED IS A MATTER THAT WILL BE ADDRESSED TO THE JUDGE ONLY. THE JURY WOULD NOT BE INVOLVED IN FIXING ANY ATTORNEY'S FEES.
>
> I WILL TELL YOU, HOWEVER, AS A MATTER OF LAW, THAT NO ATTORNEY'S FEES ARE AUTHORIZED TO BE AWARDED BY THE COURT UNDER THIS STATUTE UNLESS YOU, AS MEMBERS OF THIS JURY, RETURN A VERDICT OF MONEY DAMAGES IN FAVOR OF PLAINTIFFS. IN OTHER WORDS, IF YOU RETURN, UNDER THE LAW, A VERDICT OF MONEY DAMAGES IN FAVOR OF THE PLAINTIFFS, THAT WILL TRIGGER AUTHORIZATION FOR THE COURT TO AWARD ATTORNEY'S FEES TO COUNSEL FOR THE PLAINTIFFS. IF YOU RETURN NO DAMAGES, THEN NO ATTORNEY'S FEES WILL BE AWARDED, ACCORDING TO THE STATUTE.

*Id.* at 408. The information concerning the attorneys' fee provision was considered important to the jury because it "could explain why a lawsuit would be brought to trial for a technical violation, i.e., it was pursued as a means of generating attorney's fees. This information bore on the nature or importance of the noncompliance to plaintiffs and was relevant to the jury's determination of punitive damages." *Id* at 411. Giving this instruction to the jury did not thwart any of the countervailing policies behind the FDCPA. More importantly, the *Addison* court felt that this promoted the Fifth Circuit's

interpretation of the FDCPA which "require[s] attorneys to look for more than a technical violation of the FDCPA before bringing suit and deter[s] suits brought only as a means of generating attorney's fees." *Johnson v. Eaton*, 80 F.3d 148, 152 (5th Cir. 1996).

While *Addison* and *Brooks* are both persuasive, the Court will apply *Addison*'s reasoning because it is from a sister district within the Fifth Circuit and because the circumstances of that case are more similar to the present action than the circumstances in *Brooks*. Further, it is inaccurate to say that Allen's recovery of attorneys' fees is irrelevant to the jury's determination because the Court is required to award a reasonable amount of fees to successful plaintiffs.[2] Thus, the jury decides whether Allen will receive any attorneys' fees. Although the *amount* of potential fees could be prejudicial and potentially irrelevant, the actual entitlement to fees upon success is not.

For the reasons discussed above, the Court DENIES Allen's Motion in Limine No. 2.

It is so ORDERED.

Signed this 19th day of May, 2011.

Royal Furgeson
Senior United States District Judge

---

[2] The FDCPA differs from the statute at issue in *Brooks* because 42 U.S.C. § 1988 indicates that court's have the discretion to award costs to prevailing plaintiffs. *Id.* ("[T]he court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."). Whether there will be an award of costs is not speculative under the FDCPA.